UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DANNY RAY HART, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:10CV00043 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant's Motion for Leave to Conduct Discovery Pursuant to Rule 6(a) and (b) of the Rules Governing Section 2255 Proceedings [doc. #5] and Movant's Motion for Enlargement of Time in Which to File Reply/Traverse to Government's Response to Pending Motion Under 28 U.S.C. § 2255 [doc. #10].

On March 10, 2010, Danny Ray Hart ("Movant") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [doc. #1]. The Government filed its Response [doc. #3] on May 10, 2010, prompting Movant to file the pending Motion for Leave to Conduct Discovery on June 1, 2010. With the deadline for filing his Traverse approaching, Movant also filed the pending Motion for Enlargement of Time on July 21, 2010, requesting that he not be required to file his Traverse until the Court rules on the Motion for Leave to Conduct Discovery.

Movant's request to obtain discovery is premature. The Court must first make an initial inquiry into whether Movant's § 2255 Motion can be resolved without holding an evidentiary hearing and allowing discovery. The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)

(alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

The Court has not yet had the opportunity to assess whether the facts alleged by Movant, if true, would entitle him to relief. Thus, the Court will deny Movant's Motion for Leave to Conduct Discovery at this time, and Movant will have until August 30, 2010, to file his Traverse. After receiving Movant's Traverse, the Court will be able to determine whether an evidentiary hearing and discovery is necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for Leave to Conduct Discovery Pursuant to Rule 6(a) and (b) of the Rules Governing Section 2255 Proceedings [doc. #5] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion for Enlargement of Time in Which to File Reply/Traverse to Government's Response to Pending Motion Under 28 U.S.C. § 2255 [doc. #10] is **DENIED, in part**. Movant has until August 30, 2010, to file his Traverse.

Dated this 26th Day of July, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE