IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DANNY RAY HART, )
)
      Movant, )
)
vs. ) No. 1:10-CV-00043-ERW
)
UNITED STATES OF AMERICA, )
)
      Respondent. )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Danny Ray Hart's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

**I.    BACKGROUND**

On January 29, 2008, following a jury trial, Danny Ray Hart ("Movant") was convicted of aiding and abetting the distribution of at least five grams of cocaine base, and possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). The Court sentenced Movant to 195 months' imprisonment, to be followed by eight years of supervised release. Movant appealed his conviction to the Eighth Circuit, alleging violations of the Fourth Amendment, *Batson* violations, and errors in calculating his sentence. *United States v. Hart*, 544 F.3d 911, 913 (8th Cir. 2008), *cert. denied*, *Hart v. United States*, 129 S.Ct. 2069 (2009). The Eighth Circuit affirmed the convictions. *Hart*, 544 F.3d at 916. Movant filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with this Court on March 10, 2010. In his Petition, Movant raises four claims of ineffective assistance of counsel: (1) that his attorney erroneously advised him that

he was not allowed to testify before the grand jury; (2) that his counsel was ineffective in failing to obtain and present evidence that the testimony of witness Melissa Adams was incredible and physically impossible; (3) that his counsel was ineffective by failing to object at trial to the cautionary instruction 2.08 delivered before Adam's 404(b) testimony; and (4) that his counsel was ineffective in failing to advance adequate arguments at the sentencing hearing for the Court to take into account the disparity in punishment for crack cocaine and cocaine powder.

Movant claims that the "cumulative impact" of these alleged errors "rendered the proceedings fundamentally unfair . . . ." Movant accordingly requests that the Court either: (1) hold an evidentiary hearing to resolve these matters; (2) vacate his conviction and sentence and order his release; (3) vacate his 195-month sentence and issue a sentence based on the jury's finding that he possessed 20 grams of crack cocaine; or (4) order the Government to show cause why relief should not be granted.

In the Government's response to Movant's Motion, the Government moved to dismiss Movant's Petition. The Government relied on an Affidavit submitted by Kevin L. Schriener, who represented Movant at trial and on appeal. In the Affidavit, Mr. Schriener disputed the factual allegations underlying Movant's inadequate assistance of counsel claims, and explained his trial strategy.[1] Movant then filed a Traverse, renewing his earlier arguments and request for discovery, and emphasized that he could not effectively respond to the Government's reply without responses by Schriener to his Interrogatories and Admissions.

## II.   STANDARD OF REVIEW: RELIEF UNDER 28 U.S.C. § 2255

---

[1] Movant subsequently filed a Motion for leave to conduct discovery, attaching a proposal of 21 Interrogatories and 12 Admissions regarding Schriener's conduct before and during the trial. The Court denied the Motion, holding that it was premature to consider the issue of discovery until it had decided whether Movant was entitled to an evidentiary hearing.

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Nonconstitutional claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal quotations omitted).

Claims brought under § 2255 may also be limited by procedural default. "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001)). An exception to this general prohibition exists only where the alleged error constitutes a "fundamental defect[] that inherently result[s] in a complete miscarriage of justice." *United States v. Manko*, 772 F.2d 481, 482 (8th Cir. 1985).

## III.  RIGHT TO AN EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration

original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Eighth Circuit has described two situations in which an evidentiary hearing is not required. "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Rule 7(b) of the Rules Governing Section 2255 Proceedings allows courts to consider affidavits in assessing § 2255 motions. *See also Kingsberry v. United States*, 202 F.3d 1030, 1031 n. 2 (8th Cir. 2000). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the record of the case, no evidentiary hearing will be necessary.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

The Court will first address Movant's ineffective assistance of counsel claims. A claim alleging a violation of the Sixth Amendment right to effective assistance of counsel may be raised for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.* Additionally, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would claim his own ineffective assistance of counsel on appeal. *See* 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal*

4

*Practice and Procedure* § 594.1, at 710 (3d ed. 2004). Demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Establishing ineffective assistance of counsel, however, is "a heavy burden." *Id.*

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that his "counsel's performance was deficient," and (2) that this "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1987). When evaluating the first prong, whether an attorney's performance was deficient, the inquiry is whether "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the Court applies "an objective standard of reasonableness." *Id.* at 687-88. Movant bears the burden of proving counsel's performance was unreasonable, considering all of the circumstances, and there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-89. To demonstrate prejudice as required by the second prong, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court is free to examine either prong of the test first. *Id.* at 697. However both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other. *See id.* at 697; *see also Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citing *United States v. Flynn*, 87 F.3d 996, 1000 (8th Cir. 1996)).

A. **Right to Testify before the Grand Jury**

Movant claims that he was erroneously advised by Schriener that he could not testify before the grand jury, and that this resulted in prejudice because "the Grand Jury never got to hear [Movant's] side of the story." Movant states that, had he been allowed to go before the grand jury, he would have testified and called others to support his claims that the City Police Officers who searched his house had falsified their reports and planted a false soda can which allegedly contained cocaine base. Schriener in turn claims that he does not remember advising Movant that he could not testify before the grand jury, but that he would have advised Movant against testifying before the grand jury because Movant "was already under indictment and any testimony he would have given would have been without the presence of his attorney."

The Court concludes that Movant's claim may be disposed of without an evidentiary hearing because "[Movant's] allegations, taken as true, would not entitle [him] to relief . . . ." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Movant cannot demonstrate that he was prejudiced by Schriener's alleged advice. Even if Movant had attempted to appear before the grand jury, it would have been within the discretion of the prosecutor not to allow him to testify. Movant points to the United States Attorney's Manual to argue that he would have been allowed to testify. However, Movant had no legal right to appear before the grand jury. *United States v. Smith*, 552 F.2d 257, 261 (8th Cir. 1977); *United States v. Gardner*, 516 F.2d 334, 339 (7th Cir. 1975). Although the Manual does state that requests by subjects to testify before grand juries "ordinarily should be given favorable consideration," it acknowledges that prosecutors are not required to allow the subjects of indictment proceedings to testify. USAM § 9-11.152 (2007). Nor does Movant's failure to testify in front of the grand jury "undermine confidence in the outcome" of his trial. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). A grand jury

6

hearing is not an adversary proceeding, and is not intended to determine guilt or innocence. *United States v. Calandra*, 414 U.S. 338, 343 (1974). Movant had the opportunity to testify at trial and to tell his own side of the story before the trial jury. Because Movant's allegations do not demonstrate prejudice as required by *Strickland*, his first claim of ineffective assistance of counsel is denied.

### B. Testimony of Melissa Adams

Movant claims that his counsel was ineffective in failing to properly discredit the Government witness Melissa Adams. Movant suggests several ways in which Schriener could have discredited Adams. Movant argues that: (1) Schriener should have introduced records from an in-patient drug treatment program to show that Adams could not have been physically present to purchase cocaine from Movant at the times she claimed to at trial; (2) that Schriener should have introduced records to show that Adams was employed at country clubs in Miner, Missouri, on the theory that she could not have been simultaneously present in Betrand, Missouri to purchase cocaine; (3) that Schriener should have introduced evidence that Adams was incarcerated during the time she claimed to have purchased cocaine; (4) that Schriener should have introduced Movant's employment records to show that he was not at home at the times Adams claimed to have purchased cocaine from him; (5) that Schriener should have called Movant's wife, Douella Hart, to testify that she had not seen Adams in their home; and (6) that Schriener should have taken a picture of his bedroom door and presented it at trial to contradict Adams' testimony that there was a lock and hasp on the door.

In his affidavit, Schriener claims that Adams was incarcerated before the time during which she claimed to have purchased cocaine from Movant, and that she was in the drug

7

treatment program after that time. Schriener claims that Miner, Missouri is approximately a fifteen-minute drive from the location where Adams testified that she had purchased cocaine from Movant. Schriener claims that Movant never mentioned any work that would have prevented him from being in the location where Adams claimed to have purchased cocaine. Schriener claims he did not call Douella Hart as a witness because of her criminal record and because her testimony was not relevant. Finally, Schriener points out that to rebut the testimony that there was a lock and hasp on the door, he would have needed to call Movant or Douella Hart as witnesses, and that their criminal histories would then have come out in cross-examination. Furthermore, the Government argues:

> "[d]espite Hart's claims to the contrary, Hart would not have been able to discredit Adams' testimony in the manner Hart alleges in the 2255 Motion. Adams' testimony was corroborated by Hart supplying the 11.7 grams of cocaine base Adams sold to Tyanne Rutledge and Officer Seger, and driving Adams to the meet location to deliver the cocaine base. Adams' testimony was also corroborated by the discovery of the 9.2 grams of cocaine base, the digital scales, scanner and surveillance system in Hart's bedroom in July 2007. It is clear that Hart was a drug trafficker."

In his Reply, Movant claims that Schriener's affidavit "contains statement [sic] that are not factually true," but claims that discovery is necessary because he "cannot cross examine an affidavit." The Court finds that Movant is not entitled to an evidentiary hearing on this issue, and will therefore deny his request for discovery. Movant claims Schriener's affidavit contains false statements, but alleges no facts in response to it. His statement is merely conclusory and need not be given weight by the Court. *See United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). Under Rule 7(b) of the Rules Governing Section 2255 Proceedings, the Court may consider the allegations in Schriener's affidavit in determining whether an evidentiary hearing is required. *See McGill*, 11 F.3d at 227 (the court, reviewing a § 2255 motion claiming ineffective

assistance of counsel, considered an affidavit from the attorney explaining his trial strategy when it held that the claim could be dismissed without an evidentiary hearing). Movant has not alleged specific facts to contest the affidavit or proven that his counsel was deficient. Schriener's affidavit demonstrates that his contested decisions were reasonable. Consequently, Movant cannot meet the first prong of the *Strickland* test, and his second claim of ineffective assistance of counsel is denied.

### C. Failure to Object to Cautionary Instruction 2.08

At trial the Government introduced evidence of Movant's prior drug sales to Melissa Adams. Before the evidence was introduced, the Court read cautionary instruction 2.08 to the jury, and Movant's counsel did not object to the instruction. Movant claims that this constitutes ineffective assistance of counsel. However, Schriener had filed a Motion in Limine prior to trial in an attempt to exclude the evidence, and included a brief on the issue, wherein he argued that the evidence of Hart's prior sales to Ms. Adams would be "irrelevant, prejudicial, and would only go to Mr. Hart's character." The Government opposed the motion, and the Court found that the evidence was admissible under Federal Rule of Evidence 404(b).

Schriener's decision not to object to the instruction was a matter of trial strategy because, as Schriener claims, the cautionary instruction benefitted Movant at trial in that it instructed the jury not to consider the evidence in determining his guilt or innocence. Because Movant's allegations do not establish that Schriener performed deficiently with regard to the introduction of the 404(b) evidence, this claim of ineffective assistance of counsel is denied without an evidentiary hearing.

### D. Arguments on the Crack/Powder Disparity

9

Movant claims that his counsel was ineffective in failing to request that the Court take into account the crack cocaine and cocaine powder disparity in sentencing. However, the record conclusively refutes this claim. Schriener filed a Sentencing Memorandum urging the Court to consider the crack/powder disparity in determining the sentence. Schriener's memorandum discusses the disparity repeatedly. The memorandum concludes by raising the disparity as one of two grounds that would make a minimal sentence (120 months) reasonable. Schriener raised the issue of the disparity at Hart's sentencing hearing. The record reflects that Schriener diligently raised the disparity issue before sentencing. Because Movant's allegations are "conclusively refuted as to the alleged facts by the files and the records of the case," his fourth claim is denied. *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993) (quoting *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir. 1974)).

### E. Additional Complaints

Movant attached a set of affidavits to his § 2255 motion. The affidavits contain assertions that Movant asked Schriener to call several witnesses at trial, and that Schriener did not do so. Assuming that Movant intended these affidavits to be additional allegations of ineffective assistance of counsel, the Court will deny relief without an evidentiary hearing. In his affidavit, Schriener described his reasons for not calling the witnesses. The Eighth Circuit has "consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy' . . . ." *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (quoting *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005)). Because Movant cannot establish ineffective assistance under *Strickland*, the Court need not reach the issue of prejudice, and will deny his ineffective assistance of counsel claim regarding these allegations.

## V. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substanital showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Danny Ray Hart's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Movant's Renewed Request for Discovery contained in his Reply to Government's Response to Movant's § 2255 Motion is **DENIED.**

**IT IS HEREBY FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 7th Day of June, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE